UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EVERETT D. JONES,

                            Plaintiff,

            -against-

NYU LANGONE HEALTH MULTIPLE
SCLEROSIS COMPREHENSIVE CARE
CENTER; JEANA GRATCH; STEPHANIE
FERNANDEZ; ILYA KISTER, MD,

                            Defendants.

23-CV-6752 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action alleging that his employment was wrongfully

terminated. By order dated August 2, 2023, the Court granted Plaintiff's request to proceed *in*

*forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the

Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that

the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must

accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79

(2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of

action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating

legal conclusions from well-pleaded factual allegations, the Court must determine whether those

facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action using the court's Employment Discrimination Complaint form.

Named as Defendants are NYU Langone Health Multiple Sclerosis Comprehensive Care Center;

Jeana Gratch, Division Administrator for the MS Care Center; Office Supervisor Stephanie

Fernandez; and Ilya Kister, MD. Plaintiff does not check any of the boxes on the complaint form

to indicate which of the federal employment discrimination statutes he is asserting that

Defendants violated. (*See* ECF 1, at 3-4.) In the section of the complaint form to assert "Other

Claims," however, Plaintiff checks the box for "other relevant federal, state, city, or county law,"

and writes, "Wrongful Termination." (*Id.* at 4.)

The following allegations are taken from the complaint and attached documents.[1]

Defendant Gratch, "for reasons unknown, set in motion a plan to terminate [Plaintiff's] employment using unverified information obtained by Dr. Kister." (*Id.* at 5.) Kister did not provide Gratch with "evidence and remained silent as she prepared her pretext of 'falsification of medical documentation' as [the] rationale for [Plaintiff's] immediate termination." (*Id.*) Fernandez "behaved indifferent[ly]" and "took no proactive action" as Plaintiff's supervisor. (*Id.*)

In June 2022, Plaintiff drafted a letter under Kister's signature for a patient, seeking accommodations arising from Covid-19, to provide to her employer. Plaintiff maintains that he has provided numerous such letters since the onset of Covid-19 and that he was "solely responsible for providing such letters on behalf of the MS Center's physicians for the past five years." (ECF 1-2, at 1.) Kister accused Plaintiff of drafting the letter without his "consent and approval." (*Id.* at 2.) On July 12, 2022, Gratch informed Plaintiff that NYU conducted an investigation into the June 2022 letter and determined that Plaintiff had "falsified medical documentation" in violation of NYU Langone rules and policies. (*Id.* at 3.) Gratch informed Plaintiff that his employment would be terminated immediately. Plaintiff alleges that Gratch "provided no details as to the underlying cause-process, and specific evidence gathered from the alleged investigation and subsequent recommendation or termination," and that there was "no mention during the meeting or in termination letter at any point of patient attempting to use the letter to obtain controlled substances as previously stated to me by Dr. K." (*Id.*)

In response to Plaintiff's request that she tell him what specific documentation he was accused of falsifying, Gratch claimed that Plaintiff had not verified the patient's claim that she

---

[1] Plaintiff has attached to the complaint a document labeled "Everett Jones NYU Termination Detailed Statement" (ECF 1-2, at 1-4) and a continuation of the statement of facts from the complaint (ECF 1-2, at 5-6).

tested positive for Covid-19. Plaintiff maintains, however, that he has "never been instructed or trained by management or any of the physicians on how to identify/confirm a patient's self-reporting COVID-19 status to clinician or staff for the purpose of obtaining a quarantine letter." (*Id.* at 4.) Even though he lacked such training, Plaintiff was "solely responsible" for providing "COVID-related letters to patients" regarding teleworking and other accommodations. (*Id.*)

Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on April 3, 2023, and on May 2, 2023, the EEOC issued a Notice of Right to Sue.

## DISCUSSION

Federal antidiscrimination statutes prohibit employers from discriminating against an individual based on certain protected characteristics. For example, Title VII of the Civil Rights Act of 1964 prohibits discrimination "because of an individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). The Americans with Disabilities Act of 1990 ("ADA") prohibits discrimination on the basis of an individual's disability. *See* 42 U.S.C. § 12112(a). The Age Discrimination in Employment Act ("ADEA") makes it unlawful for an employer to discriminate against an individual because of the individual's age. *See* 29 U.S.C. § 623(a).

These antidiscrimination provisions prohibit employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka*

*v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in an employment discrimination action, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

Here, Plaintiff alleges that he was terminated after an investigation determined that he had falsified medical documentation. Plaintiff suggests this reason may have been pretextual (*see* ECF 1, at 5), but he alleges no facts suggesting that any protected characteristic, such as his race, sex, disability or age, played any role in his termination. Plaintiff does not invoke any of the federal antidiscrimination statutes on the complaint form, and nowhere in the complaint does he state his race, sex, national origin, age, or whether he as a disability. Plaintiff therefore fails to state a claim under any of the federal antidiscrimination statutes.

The Court grants Plaintiff 60 days' leave to file an amended complaint alleging facts that his employer took adverse action against him based on a protected characteristic.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid federal employment discrimination claim, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts suggesting that his employer discriminated against him based on a protected characteristic. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG") Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the court. It cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this order.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-6752 (LTS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

A copy of the flyer with details of the NYLAG Clinic is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    September 5, 2023
          New York, New York

   /s/ Laura Taylor Swain   
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s).)*

     -against-

_____

_____

_____
*(In the space above enter the full name(s) of the defendant(s).*
*If you cannot fit the names of all of the defendants in the space*
*provided, please write "see attached" in the space above and*
*attach an additional sheet of paper with the full list of names.*
*Typically, the company or organization named in your charge*
*to the Equal Employment Opportunity Commission should be*
*named as a defendant.  Addresses should not be included here.)*

**AMENDED
COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION**

Jury Trial: ☐ Yes  ☐ No
           *(check one)*

___ Civ. _____ ( ___ )

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

_____ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
        **NOTE:** *In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
        **NOTE:** *In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.*

_____ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
        **NOTE:** *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____ New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297  (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

_____ New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

## I.    Parties in this complaint:

A.    List your name, address and telephone number.  Do the same for any additional plaintiffs named.
Attach additional sheets of paper as necessary.

Plaintiff        Name  _____

Street Address  _____

County, City _____

State & Zip Code  _____

Telephone Number _____

B.    List all defendants' names and the address where each defendant may be served.  Make sure that the
defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets
of paper as necessary.

Defendant        Name  _____

Street Address  _____

County, City _____

State & Zip Code  _____

Telephone Number _____

C.    The address at which I sought employment or was employed by the defendant(s) is:

Employer _____

Street Address  _____

County, City _____

State & Zip Code  _____

Telephone Number _____


## II.    Statement of Claim:

State as briefly as possible the facts of your case, including relevant dates and events.  Describe how you were
discriminated against.  If you are pursuing claims under other federal or state statutes, you should include facts
to support those claims.  You may wish to include further details such as the names of other persons involved
in the events giving rise to your claims.  Do not cite any cases.  If you intend to allege a number of related
claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as
necessary.

A.  The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

_____        Failure to hire me.

_____        Termination of my employment.

_____        Failure to promote me.

_____        Failure to accommodate my disability.

_____        Unequal terms and conditions of my employment.

_____        Retaliation.

_____        Other acts *(specify)*: _____.

> ***Note:*** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

B.    It is my best recollection that the alleged discriminatory acts occurred on: _____.
                                                                                  *Date(s)*

C.    I believe that defendant(s) *(check one)*:

        _____        is still committing these acts against me.

        _____        is not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

        ☐    race    _____            ☐    color    _____

        ☐    gender/sex    _____            ☐    religion_____

        ☐    national origin    _____

        ☐    age.    My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

        ☐    disability or perceived disability, _____ *(specify)*

E.    The facts of my case are as follow *(attach additional sheets as necessary)*:

_____
_____
_____
_____
_____
_____
_____
_____

> ***Note:*** *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.*

## III.    Exhaustion of Federal Administrative Remedies:

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *(Date)*.

B.    The Equal Employment Opportunity Commission *(check one)*:

*Rev. 07/2007*                                    3

_____  has not issued a Notice of Right to Sue letter.

_____  issued a Notice of Right to Sue letter, which I received on _____ *(Date)*.

> **Note:** *Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.  Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

_____  60 days or more have elapsed.

_____  less than 60 days have elapsed.

## IV.   Relief:

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

_____

_____

*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff   _____

Address   _____

_____

_____

_____

Telephone Number   _____

Fax Number *(if you have one)*   _____



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

Room LL22
40 Foley Square
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. – 4 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

a beneficiary of
